IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY PATRICK DAVIS, TDCJ-CID NO. 1565815, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-3322 |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Larry Patrick Davis, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging the revocation of his parole. Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 10), which argues that several of Davis's claims have not been exhausted in state courts and are procedurally barred and that his claims are otherwise without merit. For the reasons stated below, the court will grant Thaler's motion for summary judgment and deny Davis's petition for a writ of habeas corpus.

### I. Factual and Procedural Background

In May of 1992 Davis pleaded guilty to possession and delivery of a controlled substance in the 180th District Court of

Harris County, Texas, and was sentenced to two concurrent five-year terms in prison.[1] Davis was released on parole on November 3, 1992.[2] Davis's present action does not challenge the validity of either of his convictions. On December 1, 1992, the Texas Department of Criminal Justice ("TDCJ") issued a pre-revocation warrant for Davis's arrest after Davis failed to report to his parole officer.[3]

On March 10, 2009, Davis was arrested pursuant to the pre-revocation warrant in Jefferson County, Texas, by the Beaumont Police Department.[4] The Texas Board of Pardons and Paroles (the "Parole Board") revoked Davis's parole on April 9, 2009, due to a long list of parole violations, including failure to report, failure to reside in a specified place, domestic assault, assault,

---

[1] Judgment on Plea of Guilty or Nolo Contendere Before Court – Waiver of Jury Trial, WR-73,512-01, Document 9-7 to State Court Records, Docket Entry No. 9, p. 111; Affidavit of Christina Propes, WR-73,512-01, Document 9-7 to State Court Records, Docket Entry No. 9, pp. 76, 77.

[2] Affidavit of Christina Propes, WR-73,512-01, Document 9-7 to State Court Records, Docket Entry No. 9, pp. 76, 77.

[3] See Warrant Directing Retaking Administratively Released Prisoner (Non-Executive Clemency) Before Revocation or Recission of Presumptive/Tentative Parole Date, Exhibit C to Respondent's Motion for Summary Judgment with Brief in Support ("Thaler's Motion"), Docket Entry No. 10, p. 2; see also Hearing Report Processing Sheet, WR-73,512-01, Document 9-7 to State Court Records, Docket Entry No. 9, p. 83.

[4] Affidavit of Christina Propes, WR-73,512-01, Document 9-7 to State Court Records, Docket Entry No. 9, pp. 76, 77.

and leaving the state without permission.[5] The Parole Board credited Davis with jail time beginning on March 10, 2009.[6] Pursuant to TEX. GOV'T. CODE § 508.283(c), Davis forfeited sixteen years, four months, and seven days of time spent on release when he returned to the TDCJ to serve the remainder of his sentences.[7]

Following the revocation of his parole, Davis filed an application for a state writ of habeas corpus on June 29, 2009, alleging that the parole revocation's extension of his sentences beyond their discharge dates unconstitutionally subjected him to double jeopardy, violated his due process rights, and constituted false imprisonment and negligence.[8] The Texas Court of Criminal Appeals denied Davis's application without written order on April 28, 2010.[9] Davis filed this federal petition on September 10, 2010 (Docket Entry No. 1). Liberally construing Davis's petition, the court understands it to assert the following five grounds for relief:

---

[5]Hearing Report Processing Sheet, WR-73,512-01, Document 9-7 to State Court Records, Docket Entry No. 9, pp. 83-84.

[6]Affidavit of Charley Valdez, Exhibit A to Thaler's Motion, Docket Entry No. 10.

[7]Id.

[8]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 ("Davis's State Application"), WR-73,512-01, Document 9-7 to State Court Records, Docket Entry No. 9, pp. 9, 14-17.

[9]Application for 11.07 Writ of Habeas Corpus, WR-73,512-01, Document 9-7 to State Court Records, Docket Entry No. 9, p. 2.

> (1) The Parole Board unconstitutionally imposed double jeopardy on Davis by extending the discharge of his sentences beyond their natural discharge dates;
>
> (2) The Parole Board violated Davis's due process rights by failing to grant him the correct amount of time credit for time spent in prison in another state for a separate conviction;
>
> (3) The Parole Board violated Davis's due process rights by negligently failing to exercise due diligence in executing the pre-revocation warrant;
>
> (4) The Parole Board violated Davis's due process rights by negligently failing to lodge a detainer after issuing the pre-revocation warrant; and
>
> (5) The Parole Board violated Davis's due process rights by executing the pre-revocation warrant years after it was issued.[10]

Respondent argues that Davis's claims are unexhausted under 28 U.S.C. § 2254(b)(1)(A) and procedurally barred, and alternatively, that they lack merit.[11]

## II. **Analysis**

### A. **Standard of Review**

Summary judgment is authorized when the pleadings show that there is no genuine dispute about any material fact and that the law entitles the movant to judgment. FED. R. CIV. P. 56(a). In reviewing the evidence, the court must ordinarily draw all reasonable inferences in favor of the nonmoving party and may not

---

[10] See Petition for a Writ of Habeas Corpus by a Person in State Custody ("Davis's Federal Petition"), Docket Entry No. 1, pp. 7-8.

[11] Thaler's Motion, Docket Entry No. 10, p. 1.

-4-

make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 120 S. Ct. 2097, 2110 (2000). In a habeas proceeding, however, fact findings made by a state court are "presumed to be correct." 28 U.S.C. § 2254(e)(1) (2006); Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002), overruled on other grounds by Tennard v. Dretke, 542 U.S. 274, 124 S. Ct. 2562, 2569-70 (2004). The court will therefore accept a state court's factual findings as true unless a habeas petitioner rebuts the presumption of correctness by clear and convincing evidence. Id.

B.  **Exhaustion of State Remedies**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that:

> (b) (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> (A) the applicant has exhausted the remedies available in the courts of the state.

28 U.S.C. § 2254(b)(1)(A) (2006). In order for a claim to satisfy the exhaustion requirement, the petitioner must present the claim to the highest court of his state for review. Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993). If the claim satisfies the exhaustion requirement and the federal court can properly evaluate the petitioner's claim on the merits, habeas relief should only be granted where the state court's decision is unreasonable.

28 U.S.C. § 2254(d)(1) (2006); see Martin v. Cain, 246 F.3d 471, 476 (5th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1522 (2000)).

Davis has failed to exhaust his second through fifth claims in state court. The only claim in the instant petition that was raised before the Texas Court of Criminal Appeals is Davis's double jeopardy claim. Although Davis did raise a claim of negligence in his state habeas application, the claim concerned an allegedly erroneous discharge of his conviction, rather than either a lack of diligence in executing the pre-revocation warrant or a failure to promptly lodge a detainer.[12] In addition, although Davis did raise a due process claim in his state habeas application, the claim focused on a lack of judicial process and legal counsel in his parole revocation proceeding, rather than the amount of time credit Davis was granted or the execution of the pre-revocation warrant.[13] The court therefore concludes that Davis's second through fifth claims have not been exhausted in state court.

Because Davis has failed to exhaust these claims, they are procedurally barred from federal habeas review. Because Davis failed to assert his second through fifth claims in his original

---

[12]Compare Davis's State Application, WR-73,512-01, Document 9-7 to State Court Records, Docket Entry No. 9, pp. 9, 16, with Davis's Federal Petition, Docket Entry No. 1, p. 7.

[13]Compare Davis's State Application, WR-73,512-01, Document 9-7 to State Court Records, Docket Entry No. 9, pp. 9, 17, with Davis's Federal Petition, Docket Entry No. 1, p. 8.

state habeas application, the Texas Court of Criminal Appeals would find them to be procedurally barred under the Texas abuse of the writ doctrine, under which a subsequent state habeas petition would be denied if it raises issues that existed at the time of the original petition. See Ex parte Barber, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994). The Fifth Circuit has noted that this doctrine is applied regularly and strictly by Texas courts. Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995). Davis's second through fifth claims all arise out of events that occurred either during Davis's April 9, 2009, parole revocation hearing or before the hearing. These claims, therefore, all existed prior to Davis's original state habeas action. In order for this court to reach the merits of these claims, Davis is required to establish cause and prejudice. See Coleman, 111 S. Ct. at 2565 (1991). Because Davis has failed to allege or argue cause or prejudice, Davis's second through fifth claims are procedurally barred from federal review.

C.  **Double Jeopardy**

Davis's remaining claim alleges that the State violated the Fifth Amendment's Double Jeopardy Clause by extending the discharge of his sentences beyond their natural discharge dates.[14] The Fifth Amendment, in relevant part, provides that "no person shall . . .

---

[14]Davis's Federal Petition, Docket Entry No. 1, p. 7.

be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. This provision applies to the states by the Due Process Clause of the Fourteenth Amendment. See Benton v. Maryland, 395 U.S. 784, 89 S. Ct. 2056, 2062 (1969). Although the Double Jeopardy Clause has been construed beyond its literal language, the Supreme Court has found that the Clause does not apply to proceedings that are not "essentially criminal." Breed v. Jones, 421 U.S. 519, 95 S. Ct. 1779, 1785 (1975) (quoting Helvering v. Mitchell, 303 U.S. 391, 58 S. Ct. 630, 632 (1938)).

The Supreme Court has held that parole revocation is not a component of criminal prosecution. Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct 2593, 2600 (1972). Revocation of parole does not deprive individuals of constitutionally protected liberty, but conditional liberty that is dependent on observing the conditions of parole. Id. Parole revocation proceedings are not designed to further punish parolees for violation of a criminal law, but to determine whether they have violated the conditions of parole. See United States v. Whitney, 649 F.2d 296, 298 (5th Cir. 1981). Confinement that results from revocation of parole, therefore, is not a second punishment for violation of a criminal law.

Davis claims, however, that his current imprisonment does constitute a second punishment for his criminal convictions because it began after the natural discharge dates for his convictions.[15]

---

[15]Davis's Federal Petition, Docket Entry No. 1, p. 7.

However, when the December 1, 1992, pre-revocation warrant was issued, Davis's parole was automatically suspended, making future discharge of his sentences impossible while the warrant was in effect. See TEX. GOV'T CODE ANN. § 508.253 (West 2004).[16] Therefore, the additional imprisonment that Davis has been subjected to is not a second punishment for his initial criminal violations, but instead is simply a reinstatement of Davis's non-discharged original sentences for those violations. The court will therefore deny Davis relief on his double jeopardy claim.

### III. Certificate of Appealability

Petitioner Davis did not request a Certificate of Appealability ("COA") on the claims denied in this action. The court, however, may deny a COA sua sponte. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA, Davis must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2006); Tennard, 124 S. Ct. at 2569 (2004). Denial of a constitutional right may have occurred when "reasonable jurists would find the . . . assessment of the constitutional claims debatable or wrong." Elizalde v. Dretke, 362 F.3d 323, 328 (5th Cir. 2004) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)).

---

[16]Although a different Texas Code provision, TEX. CODE CRIM. PROC. ANN. art. 42.18 (West 1997), governed Davis's parole conditions at the time he was paroled and when the pre-revocation warrant was issued, and has since been repealed, it would not change the result of this case.

Davis has not shown that reasonable jurists would find that a denial of a constitutional right has occurred or that the question is debatable.  Therefore, the court will deny a COA.

### IV.  Conclusion and Order

For the reasons explained above, the court concludes that each claim in Davis's habeas petition is either unexhausted and procedurally barred, or was not unreasonably denied by the state court.  The court therefore **ORDERS** the following:

1. Respondent Thaler's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**.

2. Davis's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 13th day of June, 2011.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE